```
                  UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF PENNSYLVANIA


CATHERINE THOMPSON,              :
                                 :
           Plaintiff             :
                                 :    CIVIL NO. 3:CV-04-2335
      -vs-                       :
                                 :    (Judge Kosik)
                                 :
SCOTT C. AUSTIN and              :
WERNER ENTERPRISES, INC.,        :
                                 :
           Defendants            :
```

## **MEMORANDUM AND ORDER**

We have several motions *in limine* filed by both parties, all dealing with evidentiary issues.

I.

Plaintiff seeks to preclude evidence that plaintiff, Catherine Thompson, had worked from 7:00 a.m. to 11:00 p.m. on the day of the accident, which occurred at or about 11:10 p.m. when she was entering I-81 via ramp just before the accident.

Defendants acknowledge that the purpose of the evidence is not to infer that plaintiff fell asleep while operating her vehicle, but to be considered in face of conflicting versions of the accident, particularly an admission by plaintiff to a Donald Davis in a sworn affidavit and who is also listed as one of plaintiff's witnesses. Assuming the evidence is admissible in one form or another, the evidence may be relevant.

The motion to preclude will be **DENIED** at this time.

II.

On February 6, 2006, defendants moved to preclude any evidence during trial that defendant Austin was cited for an improper lane change at the time this accident occurred, and that Austin pled guilty and paid a fine.

This motion is **DENIED** based on the authority cited in plaintiff's brief; *Diehl v. Blaw-Knox*, 360 F.3d 426, 431 n.3 (3d Cir. 2004) and *Rain v. Povkov*, 357 F.2d 506 (3d Cir. 1966).

III.

On February 6, 2006, defendants moved to preclude the expert testimony of Eugene Chiavacci, M.D., an unidentified rehabilitation expert and an unidentified liability expert.

Plaintiff responded on February 21, 2006 that the rehabilitation expert and her report were provided on February 13, 2006, and the report of the liability expert was provided on February 7, 2006. A report of Dr. Chiavacci was provided by correspondence on April 4, 2005.

While discovery was extended a number of times, the lateness of the expert reports without court approval is inexcusable because the defense is not ordinarily obligated to disclose expert information until that of the plaintiff is received. Even then, the defense has every right to depose plaintiff's expert. The lateness is further evidenced by the fact that a pre-trial conference was held on February 13, 2006 and trial has been scheduled for June 12, 2006.

Regardless of the timeliness, the trial was scheduled more than 90 days after the pre-trial conference, affording the defense

sufficient time to depose plaintiff's experts.  If additional time was required, it would have and would be provided.

    The motion is **DENIED**.

    **SO ORDERED.**

                                          <u>s/Edwin M. Kosik</u>
                                          United States District Judge

Date: May 4, 2006