```
          UNITED STATES DISTRICT COURT
         MIDDLE DISTRICT OF PENNSYLVANIA


CATHERINE THOMPSON,            :
                               :
          Plaintiff            :
                               :   CIVIL NO. 3:CV-04-2335
     -vs-                      :
                               :   (Judge Kosik)
                               :
SCOTT C. AUSTIN and            :
WERNER ENTERPRISES, INC.,      :
                               :
          Defendants           :
```

## **MEMORANDUM AND ORDER**

Defendants have filed a motion *in limine* to preclude expert testimony from plaintiff's expert, Francis J. Collini, M.D., a diplomate of the American Board of Plastic Surgery.

Dr. Collini was the treating surgeon of plaintiff. The defense seeks to preclude an opinion from him that the motor vehicle accident in this case "was responsible (in an albeit indirect way) for the severe nasal scar contracted on the left nostril, which is associated with the patient's nasal breathing deficit." The defense asserts that since Dr. Collini has a speciality of plastic surgery, he is not qualified to testify regarding the causal relationship between the accident and any required surgery to her nasal scarring.

Dr. Collini appears to have treated plaintiff for her nasal deformity attributable to existing scar tissue. In his reports, Dr. Collini reached his conclusion concerning the nasal deformity resulting from plaintiff's treatment with Coumadin as reflected

in her medical records after the accident and the treatment prescribed by other physicians.  These records and witnesses also appear to be on plaintiff's witness list.

Rule 703 of the Federal Rules of Evidence allows experts to rely on facts from first-hand knowledge or observation, information learned at a hearing or trial, and facts learned in court.  More specifically, the expert may rely on facts "reasonably relied upon" by experts in the field, and the data need not be independently admissible in evidence.  This view is expressed by plaintiff in citing *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414-415 (3d Cir. 2002).  We agree.  Any deficiency in Dr. Collini's qualification as they may affect his credibility can be left to cross-examination.  The motion is **DENIED.**

**SO ORDERED.**

                                        s/Edwin M. Kosik
                                        United States District Judge

Date: May 30, 2006